**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 02:22 PM October 14, 2015**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| DANNY R. COLE, ) | CASE NO. 14-60781 |
| ) | |
| Debtor. ) | ADV. NO. 15-6034 |
| ) | |
| ———————————— ) | JUDGE RUSS KENDIG |
| PRN FUNDING LLC, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **MEMORANDUM OF OPINION (NOT** |
| ) | **INTENDED FOR PUBLICATION)** |
| DANNY R. COLE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This adversary case originated when PRN Funding LLC ("PRN") filed a complaint seeking to deny Danny R. Cole's ("Debtor") discharge under § 523(a)(2)(A) and (a)(4) based on a state court judgment finding Debtor guilty of fraud, breach of contract, and conversion. The case is currently before the court on Debtor and PRN's competing motions for summary judgment. Based on the court's analysis, the portion of the state court judgment associated with Debtor's fraud is nondischargeable, but the nondischargeable amount cannot be determined.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

**Facts**

Debtor's bankruptcy case was originally filed under chapter 13 of the United States Bankruptcy Code ("the Code") on April 7, 2014. Debtor's schedules include real property valued at $139,700.00 and personal property of $61,767.00, along with debts totaling $405,671.57. After multiple attempts to confirm a chapter 13 plan, Debtor converted to a chapter 7 liquidation on May 7, 2015. Soon thereafter, on May 21, 2015, PRN filed the current adversary case seeking to deny Debtor's discharge relating to a $91,193.00 debt to PRN, plus interest and court costs.

PRN is factoring company located in Cleveland, Ohio. PRN, purchases accounts receivable, normally at a discount, and then attempts to obtain payment. In the current case, PRN purchased a number of accounts receivable from Orthotic Innovations, LLC ("Orthotic"), a company wholly owned by Debtor, by entering into a "Factoring and Security Agreement." Debtor and PRN also executed a "Validity Agreement," where Debtor guaranteed that all accounts receivable sold to PRN are genuine and accurate. However, the Cuyahoga County Court of Common Pleas ("Cuyahoga Court"), on January 31, 2014, found Orthotic and Debtor guilty of fraud, breach of contract, and conversion. The state-court judgment, in full, reads as follows:

> This matter came before the Court on Plaintiff PRN Funding LLC's Motion for Summary Judgment, the Affidavit of Joanna Schafer, and the Affidavit of Michael R. Stavnicky and the evidence. This Court finds Plaintiff's Motion for Summary Judgment to be well taken and is hereby GRANTED. The Court finds that there are no genuine issues of material facts on the claims set forth in Plaintiff's Complaint and that Plaintiff is entitled to judgment as a matter of law on Count One of its Complaint for fraud, on Count Two of its Complaint for breach of contract and on Count Three of its Complaint for conversion against Defendant Danny R. Cole in the principal amount of $61,241.13 plus interest at the statutory rate from the date of judgment, attorney's fees in the amount of $20,752.00 and expenses of $909.60, punitive damages in the amount of $8,290.27 and court costs.

PRN's current adversary case seeks to deny Debtor's discharge under § 523(a)(2) and (a)(4) based on Debtor's sale of fraudulent accounts receivables to PRN. According to PRN, because the Cuyahoga Court found Debtor guilty of fraud and conversion, and under § 523(a)(2)(A) and (a)(4) fraud judgments are nondischargeable in bankruptcy, collateral estoppel applies and PRN's entire debt should be deemed nondischargeable. Debtor contests the applicability of collateral estoppel, noting that the Cuyahoga Court judgment finds Debtor guilty

of three different counts, making the state-court judgment too vague for collateral estoppel to apply.

PRN filed its initial complaint seeking to deny Debtor's discharge under the doctrine of collateral estoppel on May 21, 2015. Debtor filed an answer on June 3, 2015, and approximately one month thereafter, on July 1, 2015, filed a motion for judgment on the pleadings and summary judgment. PRN filed a response on August 12, 2015, and three weeks later, on August 28, 2015, filed its own motion for summary judgment. The court will treat Debtor and PRN's motions as competing summary judgment motions.

## Law & Analysis

### I. Summary Judgment Standard

Debtor's motion asks the court to either grant Debtor's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) or grant Debtor summary judgment under Federal Rule of Civil Procedure 56. Both rules are applicable in bankruptcy. Fed. R. Bankr. P. 7012, 7056. "The court evaluates a motion for judgment on the pleadings in the same manner it would a motion to dismiss under Rule 12(b)(6)." Pidcock v. Goddard (In re SII Liquidation Co.), No. 10-60702, 2014 WL 5325930, at *4 (Bankr. N.D. Ohio Oct. 17, 2014) (citing Daily Servs., LLC v. Valentino, 756 F.3d 893 (6th Cir. 2014)). When analyzing a case under Rule 12(b)(6), "the court may consider only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the Court may take judicial notice." Kinda Wood USA v. MGV Enters. LLC, No. 2:07-CV-1137, 2009 WL 649793, at *1 (S.D. Ohio March 10, 2009) (citing Song v. City of Elyria, 985 F.2d 840, 842 (6th Cir. 1993)). If the court wishes to evaluate documents other than the initial pleadings, the court may convert the Rule 12(b)(6) motion into a motion for summary judgment under Rule 56. Kinda Wood, 2009 WL 649793, at *1. As documents beyond the initial pleadings have been filed, and Debtor's motion moves for "judgment on the pleadings and/or . . . summary judgment," the court will treat Debtor's motion as a motion for summary judgment. Therefore, because both PRN and Debtor have filed summary judgment motions, the court will analyze the issues within the framework of competing motions for summary judgment.

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Bankr. P. 7056(a); Muncie Power Prods., Inc. v. United Techs. Auto., Inc., 328 F.3d 870, 873 (6th Cir. 2003). "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). When making a summary judgment determination, "all reasonable inferences must be made in favor of the non-moving party." Moran v. Al Basit LLC, 788 F.3d 201, 204 (6th Cir. 2015). When each party has filed a motion for summary judgment, the court will review each summary judgment motion independently to determine if either party is entitled to summary judgment. Nw. Mut. Life Ins. Co. v. Rafi, No. 5:09-CV-0777, 2010 WL 4181021, at *4 (N.D. Ohio Oct. 19, 2010).

3

## II. Collateral Estoppel and the Dischargability of a State Court Judgment

The Cuyahoga Court, in a judgment entry dated January 31, 2014, found Debtor guilty of: (1) fraud, breach of contract, and conversion with damages of $61,241.13; (2) attorney's fees of $20,752.00; (3) attorney's expenses of $909.60; and (4) punitive damages of $8,290.27. The current issue before the court is whether collateral estoppel applies, rendering the state court's judgment nondischargeable under § 523(a)(2)(A) and/or (a)(4).

The issue before the court is whether the Cuyahoga Court judgment precludes the parties from litigating the issue of dischargability in the current bankruptcy proceeding. The legal doctrine of collateral estoppel provides "that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties." Wade v. Timmerman-Cooper, 785 F.3d 1059, 1069 (6th Cir. 2015) (quoting Ashe v. Swenson, 397 U.S. 436, 443 (1970)). The Supreme Court has held that collateral estoppel applies in bankruptcy proceedings seeking to determine a debt's dischargability. Grogan v. Garner, 498 U.S. 279, 283–85 (1991). "Thus, a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Livingston v. Transnation Title Ins. Co. (In re Livingston), 372 F. App'x 613, 617 (6th Cir. 2010) (internal quotation marks omitted). The burden is on PRN, as the moving party, to establish by a preponderance of the evidence that collateral estoppel applies. Gorgan, 498 U.S. at 290. Because PRN is seeking to give an Ohio judgment preclusive effect, Ohio collateral estoppel rules apply. NCM Enters. Sand & Stone v. Earnest (In re Earnest), No. 11-36044, 2013 WL 795399, at *3–4 (Bankr. N.D. Ohio March 1, 2013). In Ohio, collateral estoppel applies when:

> (1) the party against whom collateral estoppel is sought was a party-or in privity with a party-in the previous action;
> (2) there was a final judgment on the merits in the previous action after a full and fair opportunity to litigate the issue;
> (3) the issue was actually and directly litigated in the previous action and was necessary to the final judgment; and
> (4) the issue in the present action is identical to the issue involved in the previous action.

Sanderson Farms, Inc. v. Gasbarro, 299 F. App'x 499, 504–05 (6th Cir. 2008); Sill v. Sweeney (In re Sweeney), 276 B.R. 186, 189 (B.A.P. 6th Cir. 2002); Risk v. Hunter (In re Hunter), No. 14-32350, 2015 WL 4643836, at *8 (Bankr. N.D. Ohio Aug. 3, 2015).[1] In the present action

---

[1] According to the test cited by Debtor, Ohio collateral estoppel applies when the issue: "(1) was actually and directly litigated in the prior action; (2) was passed upon and determined by a court of competent jurisdiction; and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action." State ex rel. Davis v. Pub. Emps. Ret. Bd., 899 N.E.2d 975, 982 (Ohio 2008). Debtor's test for collateral estoppel is fundamentally the same as that used by the court.

there is no dispute that the parties are identical to those in the state court action. Further, the parties do not dispute that the court entered a final judgment on the merits of the claims. The Court will only address the third and fourth elements. Specifically, whether the issue was actual and directly litigated and whether the issue was identical to that involved in the prior action.

### A. Identity of Issues

The Court now turns to the last element, whether the issue in the present action is identical to the issue resolved in the state court judgment. PRN argues that the judgment award is nondischargeable under 11 U.S.C. § 523(a)(2)(A) and (a)(4). The court is required to compare the Cuyahoga Court judgment to the elements needed to except a debt from discharge under § 523(a)(2)(A) and (a)(4). Dudley v. Thompson (In re Thompson), 528 B.R. 721, 737–38 (Bankr. S.D. Ohio 2015). If the claims the Cuyahoga Court ruled upon in the underlying state court action have the same elements as § 523(a)(2)(A) and (a)(4) then the issues are identical.

Section 523(a)(2)(A) of the Code renders nondischargeable any debt "for money, property, services . . . obtained by false pretenses, a false representation, or actual fraud." As outlined by the Sixth Circuit, before a debt will fall under the discharge exception of § 523(a)(2)(A), the following elements must be shown:

> (1) the debtor obtained money or services through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth;
> (2) the debtor intended to deceive the creditor;
> (3) the creditor justifiably relied on the false representation; and
> (4) its reliance was the proximate cause of loss

Ohio Dep't Job & Family Servs. v. Urbina (In re Urbina), 519 B.R. 694, 698 (Bankr. N.D. Ohio 2014) (citing Rembert v. AT & T Universal Card Servs., Inc. (In re Rembert), 141 F.3d 277, 281–82 (6th Cir. 1998)). Important to a § 523(a)(2)(A) claim is the debtor's intent to deceive, which is broadly defined as "any deceit, artifice, trick, or design involving direct and active operation of the mind, used to circumvent and cheat another." Mellon Bank, N.A. v. Vitanovich (In re Vitanovich), 259 B.R. 873, 877 (B.A.P. 6th Cir. 2001).

The Cuyahoga Court's judgment entry found Debtor guilty on three different counts: fraud, breach of contract, and conversion. The elements of an Ohio fraud claim are:

> (1) a representation (or concealment of a fact when there is a duty to disclose);
> (2) that is material to the transaction at hand;
> (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred;
> (4) with intent to mislead another into relying upon it;
> (5) justifiable reliance; and
> (6) resulting injury proximately caused by the reliance.

5

Volbers-Klarich v. Middletown Mgt., Inc., 929 N.E.2d 434, 440 (Ohio 2010); see also State ex rel. McBee v. Indus. Comm. of Ohio, 970 N.E.2d 937, 938 (Ohio 2012). Based on the above, the elements of a § 523(a)(2)(A) action and an Ohio fraud action are essentially the same. Ed Schory & Sons, Inc. v. Francis (In re Francis), 226 B.R. 385, 389 (B.A.P. 6th Cir. 1998) ("[T]he elements of a dischargability claim under 11 U.S.C. § 523(a)(2)(A) are virtually identical to the elements of a fraud claim in Ohio."); Schafer v. Rapp (In re Rapp), 375 B.R. 421, 430 (Bankr. S.D. Ohio 2007). Accordingly, an identity of claims exists with respect to the state court's judgment on PRN's fraud claim.

However, the Cuyahoga Court also found Debtor guilty of breach of contract and conversion. In Ohio, a breach of contract claim requires that: "(1) a binding contract or agreement was formed; (2) the nonbreaching party performed its contractual obligations; (3) the other party failed to fulfill its contractual obligations without legal excuse; and (4) the nonbreaching party suffered damages as a result of the breach." C4 Polymers, Inc. v. Huntington Nat'l Bank, No. 102142, 2015 WL 5050421, at *5 (Ohio. Ct. App. Aug. 27, 2015). An Ohio conversion claims requires the "wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights." State ex rel. Toma v. Corrigan, 752 N.E.2d 281, 285 (Ohio 2001). In direct contrast to a claim under § 523(a)(2)(A), neither an Ohio breach of contract or Ohio conversion claim requires an intent to deceive, failing the identity of issues requirement. In re Hunter, 2015 WL 4643836, at *4; McCallum v. Pixley (In re Pixley), 504 B.R. 852, 858 (Bankr. E.D. Mich. 2014); Dean v. Hunter (In re Hunter), 484 B.R. 721, 727–28 (Bankr. E.D. Tenn. 2012); Custom Kilns, Inc. v. Pierron (In re Pierron), 448 B.R. 228, 237–38 (Bankr. S.D. Ohio 2011); Bartson v. Marroquin (In re Marroquin), 441 B.R. 586, 593 (Bankr. N.D. Ohio 2010) (noting that a breach of contract claim does not give rise to a nondischargeable debt). PRN's claims for breach of contract and conversion lack an identity of issue with § 523(a)(2)(4).

PRN also attempts to give preclusive effect to the state court judgment through the application of § 523(a)(4), which excepts any debt from discharge obtained via "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." "While fraud and defalcation require a fiduciary relationship, embezzlement and larceny do not." Altercare of Navarre Ctr. for Rehab. & Nursing Care (In re Donley), No. 13-60758, 2014 WL 1577236, at *8 (Bankr. N.D. Ohio April 17, 2014). Neither PRN's state court complaint nor the Cuyahoga Court's judgment entry mention a fiduciary relationship between PRN and Debtor, making fraud or defalcation inapplicable. Under § 523(a)(4), embezzlement requires the creditor to show that: "(1) he entrusted his property to the debtor or debtor lawfully obtained the property, (2) the debtor appropriated the property for a use other than that for which it was intended, and (3) the circumstances indicate fraud." Meade v. Pinkerman (In re Alwood), 531 B.R. 182, 189 (Bankr. N.D. Ohio 2015); Aristocrat Lakewood Nursing Home v. Dryja (In re Dryja), 259 B.R. 629, 632 (Bankr. N.D. Ohio 2001). In contrast, larceny is defined as "the fraudulent and wrongful taking and carrying away of the property of another with intent to convert such property to the taker's use without the consent of the owner." In re Alwood, 531 B.R. at 189. "In short, § 523(a)(4) excepts from discharge debts resulting from the fraudulent appropriation of another's property, whether the appropriation was unlawful at the outset, and therefore a larceny, or whether the appropriation took place unlawfully after the property was entrusted to the debtor's care, and

6

therefore was an embezzlement." 4 Collier on Bankruptcy, ¶ 523.10[2] (Alan N. Resnick & Henry J. Sommers eds., 16th ed. 2013).

Because the court already found an identity of issues between the state court fraud judgment and a claim under § 523(a)(2)(A), the court need not evaluate the fraud claim under § 523(a)(4). However, because the breach of contract and conversion claims lacked an identity of issues with § 523(a)(2)(A), the court must evaluate each claim under § 523(a)(4). Under Ohio law, a breach of contract claim does not share common elements with claims of larceny or embezzlement. A claim for conversion under Ohio law does involve the appropriation of another's property, which is necessary for both larceny and embezzlement claims. However, as noted above, both larceny and embezzlement require a showing of fraudulent intent before either is sufficient to deny discharge. Conversion claims do not require any showing of fraudulent intent. Because conversion does not require fraudulent intent under Ohio law, an identity of issues is not present. Therefore, in sum, an Ohio fraud claim shares an identity of issues with § 523(a)(2)(A), but an Ohio breach of contract or conversion claim lacks the necessary identity of issues with either § 523(a)(2)(A) or (a)(4) for collateral estoppel to apply.

PRN also argues that the awarding of punitive damages and attorney's fees results in the necessary fraudulent intent to find an identity of issues necessary for collateral estoppel. According to the Supreme Court of the United States, debts "arising from" a nondischargeable debt are also nondischargeable. Cohen v. De La Cruz, 523 U.S. 213, 220–21 (1998). In a case very similar to the current dispute, the Sixth Circuit Bankruptcy Appellate Panel determined that punitive damages arising out of a debtor's nondischargeable fraud claim were also nondischargeable. Lowry v. Nicodemus (In re Nicodemus), 497 B.R. 852 (B.A.P. 6th Cir. 2013); see also In re Pixley, 504 B.R. at 870. The Court will now discuss the issues associated with the application of collateral estoppel to punitive damages and attorney's fees.

In Ohio, punitive damages are awarded only when a party has: "(1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." Hussein v. Shugarman (In re Shugarman), 2012 WL 2150335, at *6 (Bankr. N.D. Ohio 2012) (citing Preston v. Murty, 512 N.E.2d 1174 (Ohio 1987)); Landis v. Baker (In re Baker), No. 11-30402, 2015 WL 1568377, at *9 (Bankr. N.D. Ohio April 1, 2015) (holding that punitive damages are only warranted in Ohio if actual malice is shown). Based upon the Ohio requirements for the imposition of punitive damages, an award of punitive damages satisfies the fraudulent intent requirements of § 523(a)(2)(A) and (a)(4). See In re Hunter, 484 B.R. at 729; Foreign Affairs Serv., Inc. v. Pittman (In re Pittman), 442 B.R. 485, 493 (Bankr. W.D. Va. 2010); The Building Link, Inc. v. Rownd (In re Rownd), 210 B.R. 973, 977 (Bankr. E.D.N.C. 1997).

PRN argues that the awarding of punitive damages by the Cuyahoga Court results in all of the claims having an identity of issues sufficient for collateral estoppel to apply. PRN relies upon Miller v. Grimsley (In re Grimsley), to claim that a finding of punitive damages renders the entire judgment nondischargeable. 449 B.R. 602, 616 (Bankr. S.D. Ohio 2011). "A bankruptcy court applying the doctrine of issue preclusion in a dischargeability proceeding may – in the absence of a specific finding by the state court – properly infer fraud or other malicious and

willful conduct from the state court's imposition of punitive damages." Id. Grimsley, however, is distinguishable from the present case, because in that case the plaintiff also claimed that the judgment was nondischargeable under § 523(a)(6) allowing an exception "for willful and malicious injury by the debtor to another entity or to the property of another entity." Id. Here, the plaintiff does not claim an exception under § 523(a)(6) of the bankruptcy code and as such the finding of willful and malicious conduct for punitive damages will not render the entire judgment nondischargeable.

In certain instances courts have found that the additional element of intent involved in finding punitive damages associated with a claim can provide the necessary fraudulent intent for purposes of § 523(a)(4). See In re Hunter, 484 B.R. at 728–29; First Nat'l Bank of Bos. v. Overmyer (In re Overmyer), 52 B.R. 111, 120 (Bankr. S.D.N.Y. 1985) (holding that knowing and willful conversion satisfies the elements of § 523(a)(4)).[2] Specifically, once punitive damages add fraudulent intent, an Ohio conversion claim and a § 523(a)(4) claim are essentially equivalent. In re Hunter, 484 B.R. at 728-29. However, punitive damages are not available for all of PRN's claims against Debtor. Under Ohio law punitive damages can be granted in conjunction with claims of fraud and conversion. Digital & Analog Design Corp. v. North Supply Co., 540 N.E.2d 1358, 1366-67 (Ohio 1989)(awarding punitive damages in association with a conversion claim); Preston v. Murty, 512 N.E.2d 1174, 1175 (Ohio 1987) ("Ohio courts, since as early as 1859, have allowed punitive damages to be awarded in tort actions which involve fraud, malice, or insult."); McCullough v. Spitzer Motor Ctr., Inc., 671 N.E.2d 306, 309 (holding that punitive damages are available in connection with a fraud claim so long as there is a showing of malice or ill will). However, it is well established that punitive damages are not available for breach of contract claims. Digital, 540 N.E.2d at 1367 (quoting Ketcham v. Miller, 104 Ohio St. 372, (syllabus ¶ 2)(Ohio 1922) ("Punitive damages are not recoverable in an action for breach of contract.")). Therefore, although a conversion claim accompanied by an award of punitive damages could share an identity of issues with § 523(a)(4), an Ohio breach of contract claim cannot.

In the present case, PRN's fraud claim shares an identity of issues with § 523(a)(2)(A) and satisfies the last element of collateral estoppel. However, PRN's conversion and breach of contract claims do not share an identity of issues with § 523(a)(2)(4) or (a)(4) and collateral estoppel does not apply to those claims.[3]

### B. Actually and Directly Litigated

The court will now address the third element of collateral estoppel, whether the issue was actually and directly litigated in the state court action. To determine whether an issue was

---

[2] Although In re Hunter applies Virginia law, both Virginia and Ohio require the same conversion elements. In Ohio, conversion requires the "wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights," while Virginia "requires proof of a wrongful exercise or assumption of authority over another's goods, depriving him of their possession." In re Hunter, 484 B.R. at 727; Corrigan, 752 N.E.2d at 285.

[3] While collateral estoppel could potentially apply to the conversion claim, as is discussed in the next section, the required specificity is not present and collateral estoppel will not apply in this particular case.

8

actually litigated for the purpose of collateral estoppel when the court grants a motion for summary judgment there are two requirements. In re Sweeney, 276 B.R. at 193–94. First, the state court judgment must be based on actual evidence, not simply allegations contained within a complaint. Id. Second, the state court judgment must make sufficiently detailed findings to support the application of collateral estoppel. Id. While the state court's findings need not be entered in any formal way, it must, at a minimum, "state what findings and conclusions, if any, it has reached in arriving at the judgment." Id. at 194. In other words, the state court judgment must contain an "express adjudication" of a specific issue before being given preclusive effect. Id. at 193 (quoting Zaperach v. Beaver, 451 N.E.2d 1249, 1252 (Ohio Ct. App. 1982)).

Due to the need for specific factual findings, blanket language or boilerplate terms are often insufficient. For example, a state court judgment stating only that "the court is satisfied that the judgment should be rendered for plaintiffs" is insufficient, as it contains no factual basis for the determination. In re Sweeney, 276 B.R. at 194; In re Earnest, 2013 WL 795399, at *5. In contrast, a state court judgment relying "upon the evidence adduced at hearing" is sufficiently grounded in a factual foundation. Ray's Servs., Inc. v. Cunningham (In re Cunningham), 2014 WL 1379136, at *7 (Bankr. N.D. Ohio 2014).

In the current case, the Cuyahoga Court, in its judgment entry, noted that its conclusions were based on "the Affidavit of Joanna Schafer, the Affidavit of Michael R. Stavnicky and the evidence." This specific statement of evidence beyond the complaint is enough to satisfy the first requirement. Therefore, the Cuyahoga Court's judgment entry is sufficiently grounded in a factual basis to support an application of collateral estoppel.

The second requirement, factual findings that are sufficiently detailed to support collateral estoppel, is not present. As discussed previously, PRN has the burden of proving the elements of collateral estoppel. Gorgan, 498 U.S. at 290. PRN has failed to satisfy their burden. The Cuyahoga Court explicitly found Debtor guilty of fraud, breach of contract, and conversion, but lists damages only in the aggregate. The court is unable, based on the state court judgment, to determine which portion of the damages are attributable to Debtor's fraud, which contains an identity of issues with § 523(a)(2)(A), and Debtor's breach of contract and conversion claims, which lack an identity of issues with either § 523(a)(2)(A) or (a)(4). Other courts have dealt with similar issues, consistently deciding that judgment entries listing damages in the aggregate lack the specificity needed to apply collateral estoppel. In re Earnest, 2013 WL 795399, at *5-6; see also Hoffman v. Anstead (In re Anstead), 436 B.R. 497, 504 (Bankr. N.D. Ohio 2010). For example, in In re Earnest, the plaintiff's complaint contained counts for conspiracy, fraud, misrepresentation, breach of fiduciary duty, breach of contract, and misappropriation and unjust enrichment, but the state court judgment only stated that "judgment is hereby entered . . . in the amount of . . . $378,453.23." 2013 WL 795399, at *2. The court rejected the application of collateral estoppel, noting that while the conspiracy and fraud counts likely supported the application of collateral estoppel, breach of contract and unjust enrichment did not. Id. at *5–6. Therefore, because the state court judgment did not allocate damages between the counts, the bankruptcy court was unable to determine what portion of the damages were nondischargeable. Id.; see also Hoffman, 436 B.R. at 504.

9

In the current case, the Cuyahoga Court found Debtor guilty of fraud, breach of contract, and conversion, and awarded base damages of $61,241.13. The Cuyahoga Court did not apportion the damages between Debtor's three violations. Because breach of contract and conversion do not satisfy the third element required for the application of collateral estoppel, the court is unable to determine what portion, if any, of the $61,241.13 is properly attributable to Debtor's otherwise nondischargeable fraud claim.

The court also awarded $8,290.27 in punitive damages. Because the punitive damages are expressed by the Cuyahoga Court only in the aggregate, the court cannot determine which portion are attributable to fraud, breach of contract, or conversion. Arguably, the punitive damage award only arises from only arise from the nondischargeable fraud or conversion claim because punitive damages are generally not available for breach of contract actions.[4] However, a judgment that does not specifically explain the basis for the punitive damage award, without more, lacks the necessary specificity to apply collateral estoppel.

Similar to the above reasoning, the court also finds that collateral estoppel is inapplicable to the Cuyahoga Court's award of $20,752.00 in attorney's fees and $909.60 in expenses. First, it is unclear what portion of the attorney's fees are applicable to the fraud claim, and which are associated with the breach of contract and conversion claims. While attorney's fees may be awarded in conjunction with "an award of punitive or exemplary damages," which may satisfy the intent requirements for a denial of discharge under § 523(a)(2)(A) or (a)(4), attorney's fees can also be awarded for "frivolous" actions, such as those "merely to harass," "cause unnecessary delays," or "needless increase the cost of litigation," actions that do not include the fraudulent intent required by § 523(a)(2)(A) or (a)(4). Ohio Rev. Code Ann. §§ 2323.51, 2721.16 (West 2015). Because the Cuyahoga Court awarded "attorney's fees of $20,752.00" without a sufficient explanation for the basis of the award, the judgment lacks the necessary specificity to apply collateral estoppel.

## Conclusion

Based on the foregoing analysis, the court **GRANTS IN PART** PRN's motion for summary judgment, finding that collateral estoppel applies to the state court fraud judgment. However, based on a lack of specificity, the amount of the Cuyahoga Court judgment entitled to preclusive effect cannot be determined. Consequently, the court **DENIES** PRN's motion for summary judgment as to the amount. Additionally, the court **DENIES** Debtor's motion for summary judgment.

It is so ordered.

#    #    #

---

[4] As discussed previously if the punitive damages were awarded in conjunction with an Ohio conversion claim it the necessary fraudulent intent would be supplied to create an identity of issues with § 523(a)(4). However, based on the language of the judgment it is not clear whether punitive damages were awarded in conjunction with the conversion claim.

**Service List**:

**PRN Funding LLC**
3659 South Green Rd
Ste 318
Beachwood, OH 44122

**Irving S Bergrin**
27600 Chagrin Blvd.
#340
Cleveland, OH 44122

**Michael R Stavnicky**
3401 Enterprise Parkway
#200
Cleveland, OH 44122

**Danny R Cole**
5939 Linder Cir.
Canton, OH 44721

**John L Juergensen**
John L. Juergensen Co., LPA
Washington Square Office Park
6545 Market Avenue North
North Canton, OH 44721